UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOCTOR IZEH MATTHEW,

            Plaintiff,

-against-

THE AMBASSADOR OF NIGERIA TO THE UNITED STATES OF AMERICA; AMBASSADOR ERIC (NEW YORK CHAPTER); THE LEGAL DEPARTMENT OF THE EMBASADOR OF NIGERIA (NEW YORK, NY); THE SECURITY DEPARTMENT OF THE EMBASSADOR OF NIGERIA (NEW YORK, NY); THE EMBASSADOR OF NIGERIA, WASHINGTON DC (HEAD ADMINISTRATOR),

            Defendants.

25-CV-3975 (KMW)

ORDER OF DISMISSAL AND
ORDER TO SHOW CAUSE

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff Matthew Izeh,[1] who is currently detained in the Robert N. Davoren Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By Order dated May 16, 2025, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action and directs Plaintiff to show cause why he should not be barred from filing future civil actions IFP in this court without prior permission from the court.

---

[1] Public records maintained by the New York City Department of Correction indicate that Plaintiff's first name is Matthew, and his last name is Izeh.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)(per curiam)(internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provideto *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983, naming as defendants the Ambassador of Nigeria to the United States and various related entities. Plaintiff alleges,[3]

---

[3] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless otherwise noted.

> The Embassy of Nigeria is violating the right of their services for people of their previous citizenship of such I am a citizen of the United States of America following due process. Therefor I want the Embassy to be fine[d] the sum of $12 million Dollars. I mean I am suing the Embassador of Nigeria the sum of $12 million dollars $120,000,000 for this [illegible]. Payable to my account to Chase bank.
>
> The security department are carrying out fraudulent act collecting bribes on people that come in their to process their document of which is a violation of their fundamental human right.

(ECF 1, at 4-5.)

In addition to money damages, Plaintiff also asks the Court to have Defendants arrested and prosecuted.

## DISCUSSION

**A.     Diplomatic Immunity**

Although Plaintiff names various defendants, they all appear to be different names for the Nigerian Ambassador to the United States or departments of the Nigerian Embassy. "Sitting diplomats are accorded near-absolute immunity in the receiving state to avoid interference with the diplomat's service for his or her government." *Swarna v. Al-Awadi*, 622 F.3d 123, 137 (2d Cir. 2010). The Diplomatic Relations Act of 1978, 22 U.S.C. § 254d, gives effect to the Vienna Convention on Diplomatic Relations, which, in turn, provides that "[a] diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State," and, with limited exceptions, "shall also enjoy immunity from its civil and administrative jurisdiction"[4] 23 U.S.T.

---

[4] The exceptions to diplomatic immunity are:

(a) a real action relating to private immovable property situated in the territory of the receiving State, unless he holds it on behalf of the sending State for the purposes of the mission;
(b) an action relating to succession in which the diplomatic agent is involved as an executor, administrator, heir or legatee as a private person and not on behalf of the

3227; *see Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) (recognizing that, under the Vienna Convention, "current diplomatic envoys enjoy absolute immunity from civil and criminal process").

Here, Plaintiff sues the Nigerian diplomats, who are afforded diplomatic immunity, but he alleges no facts that any of the exceptions to the Vienna Convention apply. The Court therefore dismisses the complaint as barred by the doctrine of diplomatic immunity.

**B.     Frivolousness**

Even if the Defendants were not afforded diplomatic immunity, the Court must dismiss the complaint as frivolous. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Here, Plaintiff asserts that the Nigerian Embassy is violating the unspecified rights of unidentified people and "collecting bribes." (ECF 1, at 4.) Because Plaintiff is a United States citizen who is "following due process," he demands the Nigerian Embassy pay him millions of

---

sending State; [and]
(c) an action relating to any professional or commercial activity exercised by the diplomatic agent in the receiving State outside his official functions.

23 U.S.T. 3227.

4

dollars. (*Id.*)  The Plaintiff does not present any arguable basis in law for the relief that he seeks. The Court therefore dismisses the complaint as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). . Plaintiff's complaint does not suggest that he is able to present any facts that would cure the identified deficiencies.  *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (holding district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**D.     Litigation History and Order to Show Cause**

Plaintiff has filed a dozen other *pro se* complaints that have been dismissed.[5]  *See Matthew v. Koos Kent*, No. 25-CV-0478 (LTS) (S.D.N.Y. July 11, 2025) (dismissing complaint for failure to state claim and dismissing habeas corpus claims without prejudice); *Matthew v. Boyls*, No. 24-CV-0261 (LTS) (S.D.N.Y. July 10, 2024) (dismissing complaint for failure to state a claim and warning Plaintiff); *Matthew v. Bldg. Sec. Servs. Owner*, No. 24-CV-2447 (LTS) (S.D.N.Y. Sept. 18, 2024) (dismissing original complaint with leave to replead for failure to state

---

[5] Plaintiff's cases have been docketed under both Matthew Izeh and Izeh Matthew.

a claim, and entering civil judgment after Plaintiff did not file an amended complaint); *Matthew v. Arrow Sec.*, No. 23-CV-5179 (LTS) (S.D.N.Y. Sept. 20, 2023) (same); *Matthew v. Carbon*, No. 23-CV-3265 (LTS) (S.D.N.Y. June 16, 2023) (dismissing action without prejudice because Plaintiff failed to pay the filing fees or file an IFP application as directed); *Matthew v. Egopija*, No. 23-CV-3221 (LTS) (S.D.N.Y. June 7, 2023) (dismissing action without prejudice because Plaintiff failed to pay the filing fees or file an IFP application as directed); *Izeh v. Officer Boy'ls New Rochelle Police Dep't*, No. 22-CV-9299 (LTS) (May 31, 2023) (severing and transferring claims that arose in New Jersey, and dismissing remaining claims for failure to state a claim and lack of subject matter jurisdiction); *Matthew v. Correction Officers*, No. 23-CV-0233 (LTS) (S.D.N.Y. May 22, 2023) (granting Plaintiff leave to file an amended complaint to address deficiencies in his original pleading, and dismissing action because Plaintiff failed to file an amended complaint); *Izeh v. Rose*, No. 22-CV-9828 (LTS) (S.D.N.Y. May 12, 2023) (same); *Matthew v. City of New York*, No. 23-CV-0194 (LTS) (S.D.N.Y. Apr. 25, 2023) (dismissing original complaint with leave to replead for failure to state a claim, and entering civil judgment after Plaintiff did not file an amended complaint); *Izeh v. Ross*, ECF 1:22-CV-8824, 4 (S.D.N.Y. Feb. 21, 2023) (dismissing action without prejudice for failure to pay fees or file IFP application); *Izeh v. NYPD*, No. 20-CV-6869 (CM) (S.D.N.Y. Mar. 12, 2021) (dismissing action for failure to file amended IFP application as directed).

By order dated July 8, 2024, the Court warned Plaintiff that he if continued to abuse the privilege of proceeding IFP by filing complaints that are duplicative or lack merit, or by failing to comply with court orders, he may be subject to a filing injunction. *See Matthew*, No. 24-CV-0261. This case is the second action brought by Plaintiff that the Court has dismissed as lacking

merit since the court issued its warning. The Court cannot tolerate the abuse of its limited resources.

Accordingly, the Court directs Plaintiff to show cause why he should not be barred from filing any further civil actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why the injunction should not be entered, he will be barred from filing any further civil actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The Court dismisses this action as barred by the doctrine of diplomatic immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff shall have 30 days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future civil action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   July 16, 2025
         New York, New York

                                      /s/ Kimba M. Wood
                                          KIMBA M. WOOD
                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## **DECLARATION**

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |